UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV116-3-V
(5:05CR205-V)

| | |
|---|---|
| DANNY KEITH THOMAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 10, 2008 (Document No. 1.)

**I. Factual and Procedural Background**

A review of the record reflects that on November 7, 2005, Petitioner pled guilty to counts two and three of the Indictment charging him with attempted possession of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). This Court sentenced Defendant on August 16, 2006 to 30 months on count two and 60 months on count three to be served consecutively for a total of 90 months imprisonment. Judgment was entered August 30, 2006 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on October 10, 2008, over two years after he was sentenced. This Court did not send Petitioner a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), allowing Petitioner to file a document explaining why his petition should be

1

deemed timely filed because in his Motion to Vacate, Petitioner argues that the limitations period governing his Motion begins to run when the Supreme Court announces a new rule. 28 U.S.C. § 2255(3). Petitioner argues that the new rule was announced by the Supreme Court in the case of Watson v. United States on December 10, 2007 and therefore his motion, filed within one year from the date of the Watson decision, is timely filed.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on August 16, 2006 and judgment was entered on August 30, 2006. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered,

around September 13, 2006. Therefore Petitioner had until about September 13, 2007 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until October 10, 2008 – that is, more than one year after the expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that he filed his Petition pursuant to the new Supreme Court rule announced on December 10, 2007 in the case of Watson v. United States, 128 S. Ct 738 (2005) and therefore the AEDPA one year limitations period begins to run one-year from when the rule was announced.

The Court first notes that it is aware of the Court's decision in Watson in which the Supreme Court held that a person who receives a firearm in trade for drugs does not "use' that firearm under § 924(c)(1)(A). However, Watson involved the proper meaning of 18 U.S.C. § 924(c)(1)(A), not any new rule of constitutional law. Moreover, even if Watson did create a new constitutional rule, the Supreme Court has not yet made that rule retroactive to cases on collateral review. See Blackstock v. United States, 2008 WL 4167811 (E.D.Va, Sept. 2, 2008). In United States v. Dodd, 125 S.Ct. 2478, the Supreme Court explained that the one year limitations period in § 2255(3) is limited to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Court further explained that 2255(3) does not apply at all if the conditions in the second clause - "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied. Said another way, a federal prisoner may take advantage of the date in the first clause of 2255(3) only if the conditions in the second clauses are met. Id. at 2482. The Supreme Court has not made the new rule stated in Watson retroactive to cases pending on collateral review. Therefore, Petitioner has not satisfied the conditions stated in

3

28 U.S.C. 2255(3).

For the foregoing reasons, this Court concludes that Petitioner's October 10, 2008 Motion to Vacate is untimely and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is dismissed as untimely.

**SO ORDERED.**

Signed: November 3, 2008

Richard L. Voorhees
United States District Judge